## Butera et ux. v. Universal Insurance Company

*Horace Michener Schell*, for plaintiff; *Joseph W. Henderson*, for defendant.

STERN, P. J., March 8, 1933.—At the outset it is important to bear in mind that the present suit is not for contribution sought by one insurance company from another. It is a case where the owners of the property are suing the defendant on its policy of fire insurance of $2000.

The fire loss was $5875. There were two other policies of insurance on the building issued by the Pennsylvania Fire Insurance Company, one in the sum of $2000 and the other in the sum of $3500, making a total coverage by the three policies of $7500. The plaintiff's contention is that the defendant's share of the loss is, therefore, 2000/7500, or $1566.67. The defendant contends that a less amount is due by it because of the facts hereinafter stated.

The $3500 policy of the Pennsylvania Fire Insurance Company contained a mortgagee clause making the loss payable to the Southwark Title and Trust Company, which held a first mortgage on the property, as its interest might appear. The other policy of the Pennsylvania Fire Insurance Company in the sum of $2000 contained a mortgagee clause, making the loss payable to the Southwark Building and Loan Association, which held a second mortgage on the property, as its interest might appear. By well-established principles of insurance law, the Pennsylvania Fire Insurance Company was obliged to make good the full amount of the loss to the mortgagees to the limit of its policies, and it accordingly paid to the first mortgagee the sum of $3500, and (as stated in

the affidavit of defense) to the second mortgagee the sum of $1497.64, or a total of $4997.64. The defendant contends, therefore, that by reason of these payments to the mortgagees the owners have received payments for the fire loss to that extent, leaving a balance due of $877.36, which the defendant states, therefore, to be the amount of loss to the owners. The defendant further asserts that the Pennsylvania Fire Insurance Company's policies, aggregating $5500, represented an insurance to the mortgagees of $4997.64 and an insurance to the owners of $502.36. The defendant's insurance to the owners was in the sum of $2000. Therefore, the defendant claims that, as far as the owners are concerned, they were insured $502.36 by the Pennsylvania Fire Insurance Company and $2000 by the defendant, or a total of $2502.36, that their loss was $877.36 as aforesaid, and, therefore, that the defendant's obligation is to pay 2000/2502.36 of this loss, or $701.23.

As the court views the case, the fallacy of the defendant's position is in its assumption that the loss to the owners is only $877.36. This contention of the defendant rests entirely upon the theory that, when the Pennsylvania Fire Insurance Company paid to the mortgagees the sum of $4997.64, such payment inured to the benefit of the owners. If this were true the conclusion reached by the defendant might logically follow, because if the owners were thus paid, indirectly at least, $4997.64, it might be that they could not recover from the present defendant more than $877.36, as otherwise they would be paid a sum greater than the total amount of their loss. The rights of contribution between the companies, depending upon the terms of their respective policies, could later be settled in proceedings between them. The defendant, however, overlooks the fact that the policies of the Pennsylvania Fire Insurance Company contain a standard clause which provides that when the company pays the mortgagee any sum for loss or damage, if liability therefor does not exist as to the mortgagor or owner, the company shall, to the extent of such payment, be subrogated to the mortgagee's rights under all securities held as collateral to the mortgage debt, or the insurance company may pay the whole mortgage debt and obtain an assignment of the mortgage and of all such collateral securities; it is further provided that no subrogation shall impair the right of the mortgagee to recover the full amount of its claim. In other words, payment by the insurance company to the mortgagee under such circumstances is not a satisfaction of the debt due on the mortgage, but the mortgage remains alive and full recovery thereon may be had.

Under the facts in the present case, the Pennsylvania Fire Insurance Company was not liable to the owners (as distinguished from the mortgagees) for more than its pro rata share of the loss, which share would have been $4308.33. The sum which it paid to the mortgagees in excess of that amount was a payment to a mortgagee of a sum for loss or damage for which, as to the mortgagor or owner, no liability existed. Therefore, the owners will be obliged to pay to the Pennsylvania Fire Insurance Company that excess amount in order to effect a satisfaction of the mortgages. In other words, if foreclosure proceedings on the mortgages were brought, the owners could defend on the ground of payment only to the extent to which the Pennsylvania Fire Insurance Company was bound to contribute to the fire loss under its policies as far as the rights of the owners were concerned.

It is, therefore, clear that if the defendant is now required to pay to the plaintiffs the sum of $1566.67, the plaintiffs will not be receiving a total of more than the amount of the fire loss, namely, $5875. However correct the defendant may be in its argument that the interests of mortgagees and owners are distinct and no double insurance existed, the real point is that under the terms of the

policies of the Pennsylvania Fire Insurance Company, the owners, after the Pennsylvania Fire Insurance Company has paid everything under its policies which it can be forced to pay, still lack the sum of $1566.67 to compensate them for the full fire loss, and this sum the defendant by the clear terms of its own policy is obligated to pay. In short, since it seeks to take advantage of the fact that the policies of the Pennsylvania Fire Insurance Company covered the mortgagees in full, it must recognize the accompanying rights which those policies give to the Pennsylvania Fire Insurance Company to keep the mortgages alive for the purpose of recovery thereon against the owners, instead of having the payments thereon work a satisfaction of the mortgage debts.

It was stated at the bar of court that the defendant had actually paid to the plaintiffs the sum of $701.23. The court, therefore, makes absolute the present rule for judgment for the balance of the claim, amounting to $865.44, with interest from June 9, 1932, to be assessed by the prothonotary.